TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

## 2016-SC-000215-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


BYRON KEMP HOWARD                                    RESPONDENT


## OPINION AND ORDER

Respondent, Byron Kemp Howard, was admitted to the practice of law in the Commonwealth of Kentucky on June 4, 1979. His Kentucky Bar Association (KBA) number is 33590 and his bar roster address is 219 West Chester Avenue, Middlesboro, Kentucky, 40241.

The KBA's Board of Governors (Board) considered two counts against Howard in this disciplinary matter arising out of Respondent's involvement in the manufacturing of methamphetamine. The charges reached the Board as a default case pursuant to SCR 3.210(1)[1] after Respondent failed to respond to the Inquiry Commission's initiation of a two count Complaint resulting from

---

[1]SCR 3.210(1) provides: "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

the criminal conviction. Respondent had also failed to respond to the Commission's initial investigatory inquiries. With two members recusing, the remaining Board members unanimously found Howard guilty of both counts. As a consequence of his violations of our Rules of Professional Conduct, the Board recommends that this Court permanently disbar Howard from the practice of law.

Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a notice of review with this Court. If neither party files a notice of review (as is the case here), this Court has two options: (1) under SCR 3.370(8) we may inform Bar Counsel and Respondent that we will review the decision and order the parties to file briefs, or (2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. Upon review, under the circumstances of this case, we elect to exercise our authority under SCR 3.370(9) and adopt the recommendation of the Board.

## I. BACKGROUND

On March 9, 2015, the Respondent entered an *Alford* plea of guilty before the Knox Circuit Court in *Commonwealth v. Howard*, (Case No. 11-CR-128), to one count of Manufacturing Methamphetamine, 1st offense, a Class B felony. Pursuant to SCR 3.166,[2] Howard was suspended from practicing law

---

[2] SCR 3.166(1) provides: "Any member of the Kentucky Bar Association who pleads guilty to a felony, including a no contest plea or a plea in which the member allows conviction but does not admit the commission of a crime, or is convicted by a judge or

2

the following day by operation of law. In accordance with his plea agreement, Respondent was sentenced to ten years' imprisonment, to be probated for three years.

As a result of Appellant's conviction for involvement in the manufacturing of methamphetamine, the Inquiry Commission authorized a Complaint to be filed against the Respondent on May 11, 2015. The investigative letter was mailed to Howard by the Disciplinary Clerk on May 13, 2015, but was later returned to Bar Counsel with the notations "Unclaimed" and "Unable to Forward". Bar Counsel subsequently sent the Complaint to Respondent at two additional addresses it acquired for him, but these packages were also returned. Service was ultimately completed by service on the Executive Director of the Kentucky Bar Association, pursuant to SCR 3.175(2) which provides that every member of the bar is deemed to have appointed the Director as that member's agent for service of any document that is required to be served upon that member. No response was ever presented.

As a result of Respondent's criminal conviction the Inquiry Commission filed a two count charge against the Respondent. The charges asserted a violation of:

> Count I: SCR 3.130-8.4(b): "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects . . ." as a result of the manufacturing methamphetamine conviction; and

---

jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth."

<u>Count II</u>: SCR 3.130-8.1(b): a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . ." for Respondent's failure to respond to the Inquiry Commission's initial investigative inquiries as described above.

The KBA made similar unsuccessful efforts to serve the Complaint on Respondent as described above, and again was obliged to resort to constructive service under SCR 3.175(2) to effect service of process upon Respondent; Respondent again failed to answer or otherwise respond to the Complaint, and thus the proceeding progressed, and is now before us, as a default case under SCR 3.210.

## II. ANALYSIS

The record discloses that in reaching its recommendation for disciplinary action, the Board considered all pertinent facts and circumstances, including but not limited to the severity of the conduct and the potential for harm to the profession caused thereby; the board then voted 17-1 for permanent disbarment (suspension for five years was also discussed and considered as another degree of discipline but was rejected). Based upon our review of the record, the severity of the conduct engaged in, and our disciplinary precedent for charges of a similar nature, we agree with the sanction suggested by the Board and accordingly adopt its recommendation to permanently disbar Byron Kemp Howard from the practice of law in this Commonwealth.

## III.    ORDER

It is therefore ORDERED that:

4

1) Respondent, Byron Kemp Howard, KBA Number 33590, 219 West Chester Avenue, Middlesboro, Kentucky 40965, is permanently disbarred from the practice of law in the Commonwealth of Kentucky. Disbarment shall commence on the date of entry of this order.

2) Pursuant to SCR 3.390, and to the extent that he has not done so as a result of his prior suspension, Respondent shall notify in writing, all courts in which he has matters pending of his suspension from the practice of law, and notify in writing all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. "Such notification shall be by letter duly placed in the United States mail within ten days of the date of this Opinion and Order. Respondent shall simultaneously provide a copy of all such letters to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

3) Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $201.98 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2016

_____
CHIEF JUSTICE

5